UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD K. MARTIN,

    Plaintiff,

v.                                                         Case No. 5:21-cv-49-TKW/MJF

ANGEL CANDELARIA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Richard K. Martin ("Martin") initiated this 42 U.S.C. § 1983 action against Defendant Angel Candelaria ("Candelaria"), a sergeant at Jackson Correctional Institution, in his individual capacity. Martin alleges that Candelaria violated the Eighth Amendment when Candelaria ordered a strip search of Martin and placed him on "property restriction," which left Martin in only his underwear and without hygienic supplies or bedding for a 72-hour period in an "extremely cold environment."

The facts alleged in Martin's fourth amended complaint, Doc. 28, fail to state a facially plausible claim against Candelaria. The undersigned, therefore, recommends that Martin's claim against Candelaria be dismissed with prejudice,

under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.[1]

## I. BACKGROUND

At the time of the events underlying his claim, Martin was confined at Jackson Correctional Institution.[2] Doc. 28 at 5. On March 20, 2020, while Martin was being held in administrative confinement, Candelaria ordered a search of Martin's cell. *Id.* Martin and his cellmate were placed back in the cell after the search.

Candelaria returned to the cell thirty minutes later, ordered a strip search of Martin and his cellmate, and placed Martin on "property restriction." *Id.* at 5, 7. Martin's mattress; bedding; clothing except for his underwear; and hygienic supplies—toilet paper, soap, and toothpaste—were removed from the cell for 72 hours. *Id.* at 6. During the 72 hours, Martin had to sleep on "a cold steel bunk" or "concrete floor," and endure the "extremely cold environment of the air conditioning." *Id.* Additionally, Martin had to wear "soiled" underwear because he did not have supplies to clean himself. Doc. 28 at 6.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

[2] These facts are drawn from Martin's fourth amended complaint and are presumed to be true for purposes of this report and recommendation.

Martin asserts an Eighth-Amendment claim against Candelaria, which the undersigned construes as a conditions-of-confinement claim. *Id.* at 8. As relief, Martin requests $50,000 in compensatory damages, $50,000 in punitive damages, and $100,000 in future damages. *Id.* at 8-9.

## II. STANDARD

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2019). Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than the mere possibility that the defendant acted unlawfully. *Id.* That is, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that Federal Rule of Civil Procedure 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

### III. Discussion

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. This protection applies to the conditions of a prisoner's confinement. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although the Eighth Amendment does not require comfortable prisons, it prohibits inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Prison officials, therefore, "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

An Eighth-Amendment conditions-of-confinement claim entails three elements: (1) the plaintiff endured conditions that were "sufficiently serious to violate the Eighth Amendment"; (2) the defendant "acted with a sufficiently culpable

state of mind with regard to the conditions at issue"; and (3) there is a causal connection between the defendant's conduct and the alleged constitutional injury. *Saunders v. Sheriff of Brevard Cnty.*, 735 F. App'x 559, 564 (11th Cir. 2018) (first quoting *Chandler*, 379 F.3d at 1289; then quoting *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015)).

In determining whether a condition was "sufficiently serious," "only those deprivations denying the minimal civilized measure of life's necessities" are considered sufficiently grave so as to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). Thus, a "prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler*, 379 F.3d at 1289, 1295. "[T]he challenged condition must be 'extreme,'" and at the very least must pose "'an unreasonable risk of serious damage to [the prisoner's] future health' or safety." *Chandler*, 379 F.3d at 1289 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). "Restrictive" and "even harsh" prison conditions simply "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. This element is objective: it is contextual and responsive to "contemporary standards of decency." *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Both the duration and severity of prison conditions are relevant to the determination of whether the Eighth Amendment has been violated. *See Chandler*, 379 F.3d at 1295.

As to the *mens rea* element, a plaintiff must allege that the prison official acted "'with a sufficiently culpable state of mind' with respect to the condition at issue"— that is, deliberate indifference. *Id.* at 1289 (citing *Hudson*, 503 U.S. at 8); *Farmer*, 511 U.S. at 837. A plaintiff must allege facts that show that the official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Mere negligence is insufficient to establish an Eighth-Amendment violation. *Chandler*, 379 F.3d at 1289 (citing *Wilson v. Seiter*, 501 U.S. 294, 305 (1991)).

Finally, the plaintiff must allege "an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). That is, the constitutional deprivation must be "a legal cause of the plaintiff's injuries." *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982).

It is questionable whether Martin has plausibly alleged that he suffered conditions of confinement that were "sufficiently serious" to violate the Eighth Amendment. Martin alleges that while in only his underwear, he endured the "extremely cold environment of the air conditioning." Doc. 28 at 6; *Chandler*, 379 F.3d at 1294 (noting that the Eighth Amendment "applies to prisoner claims of inadequate cooling and ventilation"). Martin also alleges that his underwear was

"soiled" because he did not have supplies to clean himself. Doc. 28 at 6. Without more information, it is unclear whether these conditions were "sufficiently serious," such that they posed "'an unreasonable risk of serious damage to [the prisoner's] future health' or safety." *Chandler*, 379 F.3d at 1289 (quoting *Helling*, 509 U.S. at 35).

Regardless, Martin has not plausibly alleged that Candelaria acted with deliberate indifference. As noted above, deliberate indifference requires that an official "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Candelaria, according to Martin, ordered a strip search of Martin and placed him on "property restriction." Doc. 28 at 5, 7. But mere confinement "without clothing (other than boxers), bedding, or hygienic materials for 72 hours . . . is not the type of extreme prison conditions that create a substantial risk of serious harm." *Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir. 2016) (citing *Chandler*, 379 F.3d at 1289, 1297-98). Thus, Candelaria's knowledge of Martin's lack of clothing, bedding, and hygienic supplies alone would be insufficient to plausibly allege deliberate indifference.

Instead, Martin is required to allege plausibly that Candelaria knew that Martin would endure the "extremely cold environment of the air conditioning," that he would be without bedding or clothing other than his "soiled" underwear, that he would be deprived of bedding and outerwear for 72 hours, and that those conditions

would put Martin's health or safety at risk. *See id.* (holding that although the plaintiff alleged that the warden saw the conditions in which the plaintiff was confined, that was "not enough to show that any of the defendants believed [the plaintiff's] health or safety to be at risk"); *Brooks v. Warden*, 800 F.3d 1295, 1305 (11th Cir. 2015) (noting that the prisoner-plaintiff sufficiently alleged the subjective component of deliberate indifference because he "repeatedly begged" the prison official for help). Martin has failed to do that here. The undersigned provided Martin *four opportunities* to amend his complaint. But beyond alleging that Candelaria ordered the strip search and placed Martin on "property restriction," Martin has not alleged any facts regarding Candelaria's knowledge of Martin's condition throughout the relevant 72 hours. Martin's Eighth-Amendment conditions-of-confinement claim against Candelaria, therefore, should be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** with prejudice, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), Plaintiff Richard K. Martin's Eighth-Amendment claim against

Defendant Angel Candelaria for failure to state a claim upon which relief can be granted.

2. Order the clerk of the court to terminate all pending motions and close this case.

At Pensacola, Florida, this 28th day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**